O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERYL D. MURPHY,<br><br>　　　　　　Plaintiff,<br>　　　v.<br>CAROLYN COLVIN,[1]<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. EDCV 12-2259-OP<br><br>MEMORANDUM OPINION AND ORDER |

The Court[2] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[3]

/ / /

―――――――――

[1] Carolyn W. Colvin, the current Acting Commissioner of Social Security, is hereby substituted as the Defendant herein.  Fed. R. Civ. P. 25(d)(1).

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action.  (ECF Nos. 8, 9.)

[3] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties.  In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).  (ECF No. 6 at 3.)

# I.
# **DISPUTED ISSUE**

As reflected in the Joint Stipulation, the disputed issue raised by Plaintiff as the grounds for reversal and/or remand is whether there is an inconsistency between the Dictionary of Occupational Titles ("DOT") and the ALJ's determination that Plaintiff can perform the jobs of Small Products Assembler I and Electronics Worker. (JS at 2.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

# III.
# **DISCUSSION**

**A.     The ALJ's Findings.**

The ALJ found that Plaintiff has the medically determinable severe impairments of diabetes mellitus II; obesity; and a history of bipolar disorder.

(Administrative Record ("AR") at 11.)

The ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform a range of light work, with the following limitations: lift twenty pounds occasionally and ten pounds frequently; stand and/or walk for a total of two hours out of an eight-hour workday, but no more than 15 minutes at a time, and sit for a total of six hours out of an eight-hour workday; occasionally climb stairs, stoop, and bend; precluded from climbing ladders, power gripping, work on dangerous machinery or unprotected heights, and in environments from temperature extremes; and restricted to simple repetitive tasks involving no public contact, and no intense interaction with co-workers. (Id.)

Relying on the testimony of the vocational expert ("VE"), the ALJ determined Plaintiff was unable to perform his past relevant work. (Id. at 21.) Based on the VE's testimony, the ALJ concluded that there are jobs in the national and regional economy that exist in significant number that Plaintiff can perform, such as Assembly, Small Products I (Dictionary of Occupational Titles ("DOT") No. 706.684-022); and Electronics Worker (DOT No. 726.687-010). (AR at 22.) Although not included in the ALJ's findings regarding alternative work, the VE also testified that Plaintiff could perform the light work of Sewing Machine Operator (DOT No. 786.685-030), and the sedentary occupation of Addresser (DOT No. 209.587-010).[4] (AR at 384.) The ALJ did not include these latter two positions in his step five finding.

**B.    There Was No Error.**

Plaintiff contends that the ALJ's RFC limitations are inconsistent with the jobs suggested by the VE. (JS at 3.) As a result, Plaintiff contends, the ALJ did not satisfy his burden of proving there is other work in the economy that Plaintiff

---

[4] The world of light work generally encompasses sedentary work as well. See 20 C.F.R. § 416.967(b) ("If someone can do light work, we determine that he or she can also do sedentary work").

3

can perform.  Plaintiff contends that:  (1) the Small Products Assembler I occupation would require Plaintiff to be exposed to light work, as well as power gripping and working with dangerous machinery (id. at 4); and (2) the Electronics Worker job would require Plaintiff to be exposed to light work, as well as power gripping (id. at 7).  Specifically, because both jobs are categorized as light work by the DOT, Plaintiff claims they must involve six hours of standing and/or walking, and he is limited to only two hours, and because the job descriptions refer to the use of hand tools, or loading and unloading machines, they must involve power gripping.  (Id. at 6, 9.)

Once a claimant has met his burden at step four of demonstrating that he cannot perform his past relevant work, the burden shifts to the Commissioner at step five to establish that the claimant is capable of performing other jobs in the economy.  20 C.F.R. §§ 404.1520(f)(g), 404.1560(c); see Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995).  This burden can be met through the use of a VE.  See 20 C.F.R. § 404.1566(e); see also Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999).  It can also be satisfied by taking notice of reliable job information contained in various publications, including the DOT.  20 C.F.R. § 404.1566(d).  The DOT is a presumptively authoritative source on the characteristics of jobs.  See Pinto v. Massanari, 249 F.3d 840, 845-46 (9th Cir. 2001).  Nevertheless, the DOT is not the sole source for this information, and the Commissioner may rely on the testimony of a VE for information about jobs.  Johnson, 60 F.3d at 1435.  Where the VE's testimony differs from the DOT, however, he or she must provide a persuasive rationale supported by the evidence to justify the departure.  See Light v. Soc. Sec. Admin., 119 F.3d 789, 793 (9th Cir. 1997).

In this case, at the May 17, 2011, administrative hearing, the ALJ asked the VE whether a hypothetical individual who was limited as is Plaintiff – i.e., limited to lifting or carrying twenty pounds occasionally, ten pounds frequently; could stand or walk only two hours out of an eight-hour day, but no more than fifteen

4

minutes at a time or in fifteen minute intervals; unrestricted sitting; no pushing or pulling with the legs; no work on unprotected heights; no work on dangerous machinery; no temperature extremes; no ladders; occasional stairs; occasional stooping and bending; no power gripping; and work in a non-public setting on simple, repetitive tasks with no intense interaction with coworkers. (AR at 383-84.) The VE testified that such an individual could perform the light jobs of Small Products Assembler I, Electronics Worker, and Sewing Machine Operator (DOT No. 786.685-030), as well as the sedentary positions of Addresser (DOT No. 209.587-010). (AR at 383-84.) The ALJ asked the VE whether the DOT descriptions of those jobs was consistent with the hypothetical, and the VE testified that they were. (Id. at 384.) In response to a question from Plaintiff's counsel, the VE stated there would be no reduction in available job numbers due to the limitations set out in the ALJ's hypothetical. (Id.)

     First, there is nothing in the DOT to indicate that power gripping is a requirement of either job. For instance, the job of Small Products Assembler may involve any combination of certain repetitive tasks on an assembly line to mass produce small products, and a few of the enumerated tasks involve "using hands, tweezers, or tongs," or "hand tools or portable powered tools." DOT No. 706.684-022. The job of Electronics Worker may involve any combination of a number of tasks to "clean, trim, or prepare components or parts for assembly by other workers," and a few of the enumerated tasks involve using cutting tools, files, spray guns, brushes, rollers, hand tools, and power tools and equipment. DOT Nos. 706.684-022, 726.687-010. Both jobs include other tasks that do not require anything but use of the hands to perform the task and there is no indication that "power gripping" is necessary even for use of the hand tools or portable powered tools. Thus, the Court finds no error with respect to Plaintiff's RFC limitation to no power gripping and his ability to perform the requirements of these occupations.

     Plaintiff also contends that both jobs require standing and/or walking in

excess of six hours of an eight-hour workday,[5] contrary to his RFC limiting him to standing and/or walking only two hours out of an eight-hour day, but no more than fifteen minutes at a time, or in fifteen minute intervals, with unrestricted sitting. The DOT description for both positions indicates the following:

> Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; *or* (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; *and/or* (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.

DOT Nos. 706.684-022, 726.687-010 (emphasis added).

The ALJ's hypothetical to the VE restricted walking or standing to two hours in an eight-hour workday, as well as to no pushing and/or pulling with the legs. (AR at 383.) As a result, in order to satisfy Plaintiff's RFC limitations, the two occupations must either require sitting most of the time but entail pushing and/or pulling of arm controls, and/or require working at a production rate pace with constant pushing and/or pulling of materials, rather than requiring "walking or standing to a significant degree." DOT Nos. 706.684-022, 726.687-010.

The Court sees nothing in the job description for either occupation that indicates either would require standing and/or walking in excess of two hours per workday to the exclusion of the other potential reasons for rating an occupation as light work. Both positions could fit the rubrics of "sitting most of the time but with pushing or pulling of arm controls," or "working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those

---

[5] The full range of light work requires the ability to stand or walk for six hours in an eight-hour day. 20 C.F.R. §§ 404.1567(b), 416.967(b); Soc. Sec. Ruling 85-15, 83-10, 83-14.

materials is negligible."  In fact, the Assembler occupation states that it consists of repetitive tasks on an assembly line.  DOT No. 706.684-022. Moreover, the VE testified that the DOT requirements of these jobs were consistent with the hypothetical suggested by the ALJ and that there was no reduction in the numbers due to the RFC limitations.  (AR at 384.)

Accordingly, the Court finds that the VE's testimony that Plaintiff could perform the Small Products Assembler I and Electronics Worker jobs did not conflict with the DOT, and, therefore, the ALJ did not err in relying on that testimony.

## IV.
## **ORDER**

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

Dated: August 8, 2013

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge